# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SANTA SANCHEZ-AYON, <br><br> Defendant. | Case No. 18-mj-03832-RNB-BAS-1 <br><br> **ORDER AFFIRMING MAGISTRATE JUDGE CONVICTION** <br><br> **[ECF No. 12]** |

## I. INTRODUCTION

On July 11, 2018, Defendant Santa Sanchez-Ayon pled guilty to improper entry by an alien in violation of 8 U.S.C. § 1325(a) and was immediately sentenced to time served. (ECF No. 9; *see also* Plea and Sentencing Transcript ("Transcript"), ECF No. 16.) During the plea colloquy, the Magistrate Judge asked Ms. Sanchez-Ayon:

> The Court: Ms. Sanchez, on July 2nd, 2018, did you enter the United States from Mexico?
>
> The Defendant: Yes.
>
> The Court: At that time, were you a citizen or national of the United States?

| | |
|---|---|
| 1 | The Defendant: No. |
| 2 | The Court: When you entered the United States, did you knowingly and voluntarily elude examination and inspection by immigration officers of the United States. |
| 3 | |
| 4 | . . . |
| 5 | [defense counsel asks the Court to repeat the question] |
| 6 | . . . |
| 7 | The Court: . . . [W]hen you entered the United States on July 2nd, did you knowingly and voluntarily elude examination and inspection by immigration officers of the United States? |
| 8 | |
| 9 | |
| 10 | The Defendant: Yes. |

(Plea Transcript 10:14-11:20.) Both the government and defense counsel concurred that this colloquy was an adequate factual basis for the plea. (*Id.* 11:21-24.)

At the time of the plea, the Magistrate Judge also had the Complaint filed against Ms. Sanchez-Ayon, which alleged:

> On July 2, 2018 . . . [Border Patrol] Agent Cruz was notified of a seismic intrusion device activation . . . . Agent Cruz observe[d] shoe prints heading north and followed them until he encountered [Ms. Sanchez-Ayon] crouched down on the ground attempting to conceal herself. This area is approximately five miles west of the San Ysidro, California, Port of Entry and approximately 350 yards north of the United States/Mexico International Boundary.

(ECF No. 1.) At the time of arrest, Ms. Sanchez-Ayon "stated she is a citizen of Mexico not in possession of immigration documents allowing her to enter or remain in the United States legally." (*Id.*)

Defense counsel requested immediate sentencing, and the Magistrate Judge imposed a time served sentence with no fines, supervised release, or special assessment. (ECF Nos. 9, 10.)

Ms. Sanchez-Ayon now appeals. (ECF No. 12.) She argues the Magistrate Judge had an insufficient factual basis to support her plea of guilty. (ECF No. 18.) The Court disagrees and **AFFIRMS** the conviction.

## II. STANDARD OF REVIEW

This appeal is timely and this Court has jurisdiction. *See* 8 U.S.C. § 3402; Fed. R. App. P. 58(g)(2)(B). In an appeal from a magistrate judge's judgment of conviction, "[t]he defendant is not entitled to a trial de novo by a district judge." Fed. R. App. P. 58(g)(2)(D). Rather, the appeal's scope "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." *Id.*

This appeal centers on Federal Rule of Criminal Procedure 11, which governs the process for entering pleas and sets forth requirements for the court's acceptance of a guilty plea. *See* Fed. R. Crim. P. (a), (b). In this case, not only did defense counsel not raise an objection under Rule 11 before the Magistrate Judge, she specifically concurred that the articulated factual basis was sufficient. (Transcript 11:21-24.) "Generally, 'where, as here, the defendant failed to raise the Rule 11 violation before the trial court,'" the court "review[s] the alleged error under the plain-error standard." *See United States v. Myers*, 804 F.3d 1246, 1256 (9th Cir 2015); *see also, e.g.*, *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) ("Because Pena did not object below to the Rule 11 colloquy, his conviction may be reversed for Rule 11 error only if the district court committed plain error.").

"Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Chavez-Cuevas*, 862 F.3d 729, 733-34 (9th Cir. 2017).

//

//

//

## III. ANALYSIS

Rule 11 provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(a)(b)(3). The court satisfies this requirement by determining "that the conduct which the defendant admits constitutes the offense charged . . . to which the defendant has pleaded guilty." *United States v. Jones*, 472 F.3d 1136, 1140 (9th Cir. 2007) (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1960)). "The rule prescribes no specific method of establishing the factual basis . . . . However, it must be established on the record that there is sufficient evidence to support the conclusion that defendant is guilty." *United States v. Rivera-Ramirez*, 715 F.2d 453, 457 (9th Cir. 1983) (citations omitted). The court may consider "information entered into the record after the change of plea hearing and not just at the plea hearing itself." *United States v. Launer*, 62 F.3d 1426, 1429 (9th Cir. 1995) (citing *Burton v. United States*, 483 F.2d 1182, 1190 (9th Cir. 1973)); *see also United States v. Hughes*, 227 Fed. App'x 562, (9th Cir. 2007) ("[T]he record itself, at the time of judgment could have provided sufficient evidence for the district court to find a factual basis for the plea.").

In this case, the Magistrate Judge established a sufficient factual basis for the plea. He ascertained that Ms. Sanchez-Ayon had entered the United States illegally on July 2, 2018. He further inquired whether she had knowingly and voluntarily eluded examination by United States immigration officers, to which she responded affirmatively. (Transcript 10:14-11:19.) His conclusion that a sufficient factual basis existed was buttressed by the fact that the Complaint described that Ms. Sanchez-Ayon had been apprehended crouching, attempting to hide herself, approximately 350 yards north of the United States-Mexico border and five miles from the Port of Entry. (ECF No. 1.) She admitted at the time of arrest that she was illegally in the United States. (*Id.*)

Thus, there was no error in the plea colloquy, and if defense counsel had pointed out any concerns at the time of the plea, perhaps these concerns could have

been allayed. *See In re Perez,* 30 F.3d 1209, 1213 (9th Cir. 1994) ("The principal reason we require parties to raise an issue in the trial court is to give that court an opportunity to resolve the matter and, hopefully, avoid error. Also, when matters are first raised in the trial court, it's possible to develop the record as needed to present the issue properly on appeal."). Instead, defense counsel concurred in the factual basis, waiting until her client had received a time served sentence, and then her office raised this Rule 11 issue after the fact. Although this Court understands defense counsel's frustration with the recently adopted "zero tolerance" policy in this District, the plea colloquy was without error, let alone "plain error." *See United States v. Gonzalez-Aparicio,* 663 F.3d 419, 428 (9th Cir. 2011) (quoting *United States v. Turman,* 122 F.3d 1167, 1170 (9th Cir. 1997)) (defining "plain error" as one "that is so clear-cut, so obvious, a competent [trial] judge should be able to avoid it without the benefit of objection").

## IV. CONCLUSION

The plea colloquy in this case complied with Rule 11. The Magistrate Judge assured that there was an adequate factual basis for the plea. *See Jones*, 472 F.3d at 1140. Therefore, the conviction is **AFFIRMED.**

**IT IS SO ORDERED.**

**DATED: September 4, 2018**

Hon. Cynthia Bashant
United States District Judge